UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE WALKER,<br><br>                                    Plaintiff,<br><br>v.<br><br>TAKEDA PHARMACEUTICALS AMERICA, INC. et al.,<br><br>                                    Defendants. | Case No.: 20-cv-2311-DMS-BGS<br><br>**ORDER GRANTING LEAVE TO AMEND COMPLAINT** |

On April 12, 2021, Plaintiff George Walker filed a motion to amend his complaint pursuant to Fed. R. Civ. P. 15(a)(2). (ECF No. 4.) Defendants did not file a response in opposition to the motion.

Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." However, the rule further provides that "court[s] should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant leave to amend is one that rests in the discretion of the trial court. *See Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1390 (9th Cir. 1985). The policy in favor of granting leave to amend "is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). This liberality dictates that the nonmoving party bears the burden of demonstrating why leave to amend should not be granted. *Grant v. Hill*, 11-

cv-3015-JAH, 2021 WL 1378813, at *1 (S.D. Cal. Jan. 21, 2021) (citing *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 530–31 (N.D. Cal. 1989)).

In determining whether to allow an amendment under Rule 15(a)(2), courts generally consider five factors: (1) "undue delay," (2) "bad faith or dilatory motive on the part of the movant," (3) "repeated failure to cure deficiencies by amendments previously allowed," (4) "undue prejudice to the opposing party by virtue of allowance of the amendment," and (5) "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing the *Foman* factors).

Here, Plaintiff filed his motion to amend less than four months after filing his initial complaint. (See ECF Nos. 1, 4.) Further, the proposed amendment to the Complaint would be Plaintiff's first. Finally, Defendants failed to put forward any argument that Plaintiff's amendment would be futile, prejudicial, or otherwise in bad faith. Therefore, Plaintiff's motion for leave to amend is granted.[1]

**IT IS SO ORDERED**.

Dated: May 17, 2021

Hon. Dana M. Sabraw
Unites States Chief District Judge

---

[1] This motion is currently scheduled for a hearing on May 21, 2021. That hearing is vacated as moot in light of this order.